1 THOMAS J. SPEISS, III (SBN 200949)
  tspeiss@sycr.com
2 DOUGLAS Q. HAHN (SBN 257559)
  dhahn@sycr.com
3 STRADLING YOCCA CARLSON & RAUTH, P.C.
  100 Wilshire Blvd., Suite 400
4 Santa Monica, California 90401
  Telephone: (424) 214-7042
5 Facsimile: (424) 214-7010

6 Attorneys for Plaintiff, Sillage, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILLAGE, LLC, a California Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>HISTOIRES DE PARFUMS LLC d/b/a ALICE & PETER, a Delaware Limited Liability Company; SCENT-SATION LA, a California Limited Liability Company; and, P.E., Inc. d/b/a PERFUME EMPORIUM, a California Corporation,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>1. **PATENT INFRINGEMENT UNDER 35 U.S.C. § 271;**<br><br>2. **TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a);**<br><br>3. **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114; and,**<br><br>4. **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200.**<br><br>JURY TRIAL DEMANDED |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT

LITIOC/2084467v5/101734-0094

Plaintiff Sillage, LLC ("Sillage") by and through its attorneys, hereby alleges as follows:

## PARTIES

1. Plaintiff Sillage is engaged in the business of creating and providing luxury artisanal fragrances to its consumers. In addition to the scents themselves, Sillage is known for presenting its parfums in embellished bottles and flacons. Sillage is now and was at all times herein mentioned, a California limited liability company duly organized and existing under the laws of the State of California with its principal place of business at 660 Newport Center Drive, Suite 660, Newport Beach, California 92660.

2. On information and belief, Defendant Histoires de Parfums LLC d/b/a Alice & Peter ("A&P") is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business at 4000 Bordentown Ave., Ste. 15, Sayreville, New Jersey 08872 and a registered agent for service of process at The Company Corporation, 2711 Centerville Rd, Ste. 400 Wilmington, Delaware 19808.

3. On information and belief, Defendant Scent-Sation LA ("Scent-Sation") is a California corporation, with its principal place of business at 906 S. Los Angeles St., Los Angeles, California 90015.

4. On information and belief, Defendant P.E., Inc. d/b/a Perfume Emporium ("Perfume Emporium") is a California corporation, with its principal place of business at 3440 West Warner Ave., Suites C & D, Santa Ana, California 92704. Collectively A&P, Scent-Sation and Perfume Emporium are the "Defendants."

## JURISDICTION AND VENUE

5. This is a civil action arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-1-

COMPLAINT

LITIOC/2084467v5/101734-0094

Counts I-III pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Count IV pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over A&P because A&P is doing and has done substantial business in this judicial district and has committed acts of patent and trademark infringement, and other acts complained of herein, in this judicial district.

7. This Court has personal jurisdiction over Scent-Sation because Scent-Sation is doing and has done substantial business in this judicial district and has committed acts of patent and trademark infringement, and other acts complained of herein, in this judicial district.

8. This Court has personal jurisdiction over Perfume Emporium because Perfume Emporium is doing and has done substantial business in this judicial district and has committed acts of patent and trademark infringement, and other acts complained of herein, in this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b). The acts and transactions complained of herein were conceived, carried out, made effective, and had an effect within the State of California and within this Judicial District.

## FACTUAL ALLEGATIONS

### Sillage's Bottle Design Patents

10. On November 12, 2013, U.S. Patent D693,224 (the "'224 patent") entitled Display Bottle was duly and legally issued to Nicole Mather as inventor. A true and correct copy of the '224 patent is attached to this Complaint as **Ex. A** and incorporated herein by reference. Sillage is the exclusive licensee of the entire right, title and interest in and to the '224 patent, including all rights to enforce the '224 patent and recover for infringement. The '224 patent is valid and in force.

11. On May 1, 2012, U.S. Patent D658,503 (the "'503 patent") entitled Bottle was duly and legally issued to Nicole Mather as inventor. A true and

correct copy of the '503 patent is attached to this Complaint as **Ex. B** and incorporated herein by reference. Sillage is the exclusive licensee of the entire right, title and interest in and to the '503 patent, including all rights to enforce the '503 patent and recover for infringement. The '503 patent is valid and in force.

12. As more fully laid out below, Defendants have been and are now infringing the '224 patent and '503 patent in this judicial district and elsewhere, by selling and distributing products which infringe Sillage's patents.

### Sillage's Federally Registered Trademark

13. On, May 10, 2012, Sillage filed a trademark application for its "CHERRY GARDEN" mark. CHERRY GARDEN is the name of one of Sillage's parfums from the House of Sillage line.

14. On April 2, 2013, the CHERRY GARDEN mark published for opposition in the USPTO's *Official Gazette*. No oppositions were filed.

15. On November 5, 2013, Sillage's "CHERRY GARDEN" mark was issued as U.S. Trademark Registration No. 4,429,539. Sillage began using the CHERRY GARDEN mark in United States commerce in March of 2013. A copy of the registration for the CHERRY GARDEN mark is attached as **Ex. C**.

16. Sillage has expended significant time, energy and expense to promote CHERRY GARDEN, including but not limited to tradeshow attendance, interviews, print ads, online marketing campaigns, couture events, advertising, and marketing.

17. Based on Sillage's extensive use and promotion of CHERRY GARDEN, the mark has become distinctive and known in the United States and global marketplace as identifying Sillage as the source of origin for the products marketed and provided in connection therewith.

///
///
///

### The "House of Sillage" Trade Dress

18. On or about November of 2011, Sillage introduced "Tiara," its first fragrance from its House of Sillage line of parfums. Tiara was presented in a transparent cupcake-shaped bottle and included a bottle cap adorned with jewelry, crystals and other décor.

19. Each subsequent fragrance in the House of Sillage line was presented in a transparent cupcake-shaped bottle and included its own uniquely decorated cap.

20. As explained more fully below, Sillage's bottle and cap attracted the attention of critics and consumers alike and quickly became a hallmark of the Sillage brand. Sillage has used and promoted its trade dress sufficiently to form an association in the mind of consumers to denote Sillage as the source of the product.

### Sillage Markets and Distributes Unique Parfum Products

21. With sales internationally, including in the United States, the United Arab Emirates and within the European Union, Sillage has established a significant reputation both in its Sillage and House of Sillage brands and in its sub-brands, in the field of parfum.

22. Sillage uses only high quality ingredients in its parfum products. Similarly, Sillage uses only high quality materials in its decorative bottles and flacons.

23. Sillage has established a reputation and goodwill in its business of producing luxury crafted fragrances developed in collaboration with the finest perfumers in the business, including the legendary Francis Camail. Sillage also works with premium jeweler Swarowski to design finely-crafted and ornate flacons and bottles.

24. Sillage sells its products through specialty online retailers and boutiques, or by special order at select retailers.

1  25. Sillage's reputation and goodwill have been recognized and enhanced
2  through its products being featured in internationally-circulated publications such
3  as *Harper's Bazaar*, *Vogue*, *GQ*, the *Robb Report*, and *Perfumerias Regia*, as
4  depicted below.



**The "House of Sillage" Line**

26. The House of Sillage line has received widespread acclaim for its scent and bottle since its introduction on or about November of 2011. House of Sillage has been the subject of numerous articles and publications with many comments centered on Sillage's unique bottle and cap.

27. Currently, The House of Sillage line includes six (6) parfum lines and several limited edition scents. Each scent is presented in a cupcake-shaped bottle made of crystal and each bottle is fitted with a cap adorned with jewelry, charms, pins and other décor characteristic of the Sillage brand.

28. One such example is the CHERRY GARDEN parfum, depicted below.

/ / /
/ / /
/ / /

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-5-
COMPLAINT
LITIOC/2084467v5/101734-0094



29. Sillage's customers expect outstanding quality and presentation from Sillage's parfums and Sillage works diligently to maintain its reputation and goodwill by delivering quality and luxury to its customers.

30. It is therefore necessary for Sillage to protect its products and its reputation against would-be knock-offs or competitors which may infringe upon Sillage's intellectual property rights.

31. Sillage has expended significant time, energy and expense to promote its unique House of Sillage line, and in particular the bottle design and covers, including but not limited to tradeshow attendance, interviews, print ads, online marketing campaigns, couture events, advertising, and marketing.

32. Based on Sillage's extensive use and promotion of its cupcake-shaped bottle and decorative cover, the dress has become distinctive and known in the United States and global marketplace as identifying Sillage as the source of origin for the products marketed and provided in connection therewith.

**Defendants Market and Sell Parfum in Cupcake-Shaped Bottles with Decorative Caps**

33. Upon information and belief, Defendants market and sell a line of parfum products having a cupcake-shaped bottle and a decorative cap (the "Infringing Parfum").

1    34.     An article entitled "Cupcake Delight" appearing in Global Cosmetic
2  Industry, dated January 1, 2013, states that "Alice & Peter is a new collection of
3  scents developed by perfumer Gerald Ghislain and partner Magali Senequier.
4  Created as a playful concept inspired by *Alice in Wonderland* and *Peter Pan*, the
5  collection features five fragrances – *Fancy Choco, Showy Toffee, Cheery Cherry,*
6  *Wicked Berry* and *Bloody Orange* – in 1 oz. cupcake bottles, and the colorful
7  scents were developed to be young at heart, light and sweet. Available at Urban
8  Outfitters and Henri Bendel. See *www.alicepeter.com*".

9    35.     The Infringing Parfum's cupcake-shaped bottles mimic the designs
10 and inventions claimed in Sillage's patents.

11   36.     The Infringing Parfum's caps are generally dome-shaped and include
12 an A&P charm, rhinestone jewelry and/or other décor.  For example, Defendants'
13 "Cheery Cherry" parfum is depicted below.



24   37.     The Infringing Parfums are available for purchase via the A&P
25 website at www.alicepeter.com.  Upon information and belief, Defendants sell and
26 ship their products in California.

27   38.     The Infringing Parfums are available for purchase at Scent-Sation's
28 and Perfume Emporium's stores in California and in this district.

39. Upon information and belief, the Infringing Parfums are also available for purchase online through various third-party websites.

40. Upon information and belief, Defendants began using "Cheery Cherry" in U.S. commerce on or about January of 2013.

## FIRST CLAIM FOR RELIEF

*(Infringement of U.S. Patent No. D693,224)*

41. Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 40 hereof as if fully stated herein.

42. Sillage is the sole owner of the entire right, title and interest in the '224 patent.

43. Defendants have infringed the '224 patent under Section 271 of Title 35 of the U.S. Code by making, selling and/or offering for sale in the U.S. and/or importing into the U.S. the Infringing Parfum products which embody the claimed design recited in the '224patent.

44. On information and belief, Defendants will continue to infringe the '224 patent unless enjoined by this Court.

45. Sillage has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court.

46. On information and belief, the infringement of the '224 patent by Defendants has been willful.

## SECOND CLAIM FOR RELIEF

*(Infringement of U.S. Patent No. D658,503)*

47. Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 46 hereof as if fully stated herein.

48. Sillage is the sole owner of the entire right, title and interest in the '503 patent.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-8-
COMPLAINT
LITIOC/2084467v5/101734-0094

49. Defendants have infringed the '503 patent under Section 271 of Title 35 of the U.S. Code by making, selling and/or offering for sale in the U.S. and/or importing into the U.S. the Infringing Parfum products which embody the claimed design recited in the '503 patent.

50. On information and belief, Defendants will continue to infringe the '503 patent unless enjoined by this Court.

51. Sillage has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court.

52. On information and belief, the infringement of the '503 patent by Defendants has been willful.

## THIRD CLAIM FOR RELIEF

*(Trade Dress Infringement (Lanham Act §43))*

53. Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 52 hereof as if fully stated herein.

54. This claim arises under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a). Defendants' unauthorized use and threatened continued use in interstate commerce of Sillage's trade dress constitutes use of a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that has caused and is likely to cause confusion, mistake or deception (a) as to the characteristics, qualities or origin of the Infringing Parfum, (b) as to an affiliation, connection or association between Sillage and Defendants, and (c) as to the sponsorship or approval of the Infringing Parfum by Sillage.

55. Such actions, as used in commercial advertising, have misrepresented and do misrepresent the nature, characteristics or qualities of Defendants' goods, services and/or commercial activities.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-9-

COMPLAINT

LITIOC/2084467v5/101734-0094

56. Upon information and belief, Defendants have intentionally and falsely designated the origin of their goods by adopting and using trade dress that is substantially the same as the Sillage's trade dress for its goods so as to profit from Sillage's reputation by confusing the public as to the source, origin, sponsorship or approval of Defendants' goods, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of Sillage.

57. The activities of Defendants complained of herein have caused and, unless enjoined, will continue to cause substantial and irreparable harm to Sillage, its business reputation and its goodwill, for which Sillage is without adequate remedy at law. Such activities have also caused Sillage monetary loss and damage including, but not limited to, the loss of profits in an amount not yet determined.

58. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct. Notwithstanding the difficulty of fully ascertaining the value of the damage to Sillage caused by Defendants' wrongful conduct, Defendants' conduct has resulted in irreparable, direct and proximate damages to Sillage and Sillage is entitled to injunctive relief under 15 U.S.C. §1116(a).

## FOURTH CLAIM FOR RELIEF

*(Infringement of Federally Registered Trademark (Lanham Act §32))*

59. Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 58 hereof as if fully stated herein.

60. By virtue of Defendants' conduct, Defendants have used and are using a spurious term in connection with the advertising, marketing and offering of parfum products in interstate commerce, which mark is identified with the CHEERY CHERRY which imitates Sillage's CHERRY GARDEN mark.

61. Sillage and A&P make parfum products and, accordingly, both Sillage and A&P market their products to the same or similar classes or purchasers.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-10-
COMPLAINT
LITIOC/2084467v5/101734-0094

62. As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception, and many persons familiar with Sillage's CHERRY GARDEN mark, its reputations, dress and favorable good will, are likely to purchase Defendants' Infringing Parfum goods in the mistaken belief that such goods are offered or authorized by Sillage.

63. Defendants' actions have been and are willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had and will have the result of misleading, deceiving and confusing the public to believe that Defendants and/or their goods are affiliated with, sponsored or controlled by Sillage.

64. The foregoing actions of Defendants constitute trademark infringement by inducing the erroneous belief that Defendants' and/or their goods are in some manner affiliated with, originate from, or are sponsored by Sillage in violation of Lanham Act § 32, 15 U.S.C. § 1114.

65. Sillage is informed and believes, and on that ground alleges, that Defendants have made and/or will make unlawful gains and profits from their unlawful actions as alleged herein, and by reason thereof, Sillage has been deprived of gains and profits which otherwise would have inured to Sillage but for such unlawful actions.

66. Sillage has no adequate remedy at law for the injuries alleged in this Count. The injury is, in part, intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.

67. Notwithstanding the difficulty of fully ascertaining the value of the damage to Sillage caused by Defendants' wrongful conduct, Defendants' conduct has resulted in irreparable, direct and proximate damages to Sillage and Sillage is entitled to injunctive relief under 15 U.S.C. §1116(a).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-11-

COMPLAINT

LITIOC/2084467v5/101734-0094

# FIFTH CLAIM FOR RELIEF

*(Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 et seq.)*

68. Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 67 hereof as if fully stated herein.

69. Sillage is informed and believes, and on that basis alleges, that Defendants have intentionally appropriated Sillage's trade dress and its CHERRY GARDEN mark with the intent of causing confusion, mistake and deception as to the source of their goods with the intent to pass off their goods as those of Sillage, and as such, Defendants have committed unfair competition in violation of the common law of the State of California.

70. The foregoing acts of Defendants have caused and will continue to cause injury to Sillage by depriving it of sales of its genuine parfums, injuring its business reputation and by passing off Defendants' goods as Sillage's goods, all in violation of the common law of the State of California.

71. Defendants' acts have caused and will continue to cause irreparable harm and damage to Sillage, and have caused and will continue to cause Sillage monetary damage in an amount not yet determined, for which Sillage is entitled to its actual damages, Defendants' profits as well as punitive damages, attorneys' fees and costs.

72. Defendants' infringement of Sillage's intellectual property described herein constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of the California Business and Professions Code §17200.

73. As a consequence of Defendants' actions, Sillage is entitled to injunctive relief and an order that Defendants disgorge all profits on the manufacture, use, display or sale of infringing goods.

/ / /

/ / /

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-12-

COMPLAINT

LITIOC/2084467v5/101734-0094

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sillage prays for the following relief:

A. Judgment in favor of Sillage that Defendants have infringed the '224 and '503 patents and that Defendants' infringement of the '224 and '503 patents was willful;

B. A permanent injunction enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct, indirect and or joint infringement of the '224 and '503 patents as aforesaid pursuant to 35 U.S.C. § 283;

C. That the Court enter judgment that Defendants' unauthorized use of Sillage's trade dress, in association with the Infringing Parfum products, is in violation of the Lanham Act, 15 U.S.C. § 1125(a);

D. That the Court enter judgment that Defendants' unauthorized use of the mark CHEERY CHERRY, in association with the Infringing Parfum products, is in violation of the Lanham Act, 15 U.S.C. § 1115(a);

E. That Defendants be required to immediately change their CHEERY CHERRY mark;

F. That Defendants' conduct serves to unfairly compete with Sillage under the common law of the State of California;

G. That the Court award judgment in favor of Sillage in an amount to be determined at trial, but in no event less than $500,000.00 and/or Defendants' profits on the Infringing Products;

H. An award of Sillage's costs and attorneys' fees as allowed by law; and,

/ / /

/ / /

/ / /

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-13-

COMPLAINT

LITIOC/2084467v5/101734-0094

1   I.   For such other and further relief as the Court may deem just and
2 proper.

3 DATED: February 5, 2014         STRADLING YOCCA CARLSON
                                  & RAUTH, P.C.

By: _____
    Thomas J. Speiss, III
    Attorneys for Plaintiff Sillage, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-14-
COMPLAINT
LITIOC/2084467v5/101734-0094

## JURY DEMAND

Sillage hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on each cause of action asserted in its Complaint that is triable by jury.

DATED: February 5, 2014

STRADLING YOCCA CARLSON & RAUTH, P.C.

By: _____
Thomas J. Speiss, III
Attorneys for Plaintiff Sillage, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-15-

COMPLAINT

LITIOC/2084467v5/101734-0094