1 | THOMAS J. SPEISS, III (SBN 200949)
    tspeiss@sycr.com
2 | JUSTIN E. KLAEB (SBN 254035)
    jklaeb@sycr.com
3 | STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Blvd., Suite 400
4 | Santa Monica, California 90401
Telephone: (424) 214-7042
5 | Facsimile: (424) 214-7010

6 | DOUGLAS Q. HAHN (SBN 257559)
    dhahn@sycr.com
7 | STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
8 | Newport Beach, CA 92660
Telephone: (949)725-4000
9 | Facsimile: (949) 725-4100

10 | Attorneys for Plaintiff, Sillage, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILLAGE, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>HISTOIRES DE PARFUMS LLC d/b/a ALICE & PETER, a Delaware Limited Liability Company; SCENT-SATION LA, a California Limited Liability Company; and, P.E., Inc. d/b/a PERFUME EMPORIUM, a California Corporation,<br><br>    Defendants. | CASE NO.: SACV14-00172 CAS (RNBx)<br><br>Hon. Christina A. Snyder<br><br>**SILLAGE, LLC'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. NO. 37)** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

Plaintiff Sillage, LLC ("Sillage") hereby responds to the Court's Order to Show Cause "why this action should not be dismissed for lack of prosecution **as to defendant HISTORIES DE PARFUMS, LLC D/B/A ALICA & PETER, only**." Dkt. No. 37 (emphasis in original).

The Court's Order states that the Court will consider as a satisfactory response "an application for the clerk to enter default <u>judgment</u> on defendant **HISTORIES DE PARFUMS, LLC D/B/A ALICA & PETER**" ("A&P") or "a <u>motion</u> for entry of default <u>judgment</u> on" A&P. *Id.* (emphasis in original).

The clerk entered default against A&P in March 2014. Dkt. No. 29. The two other defendants to this action, Scent-Sation LA ("Scent-Sation") and P.E., Inc. d/b/a Perfume Emporium ("Perfume Emporium"), filed their Answer in March 2014. Dkt. No. 25. As discussed below, because the liability and legal issues concerning A&P substantially overlap with those of Scent-Sation and Perfume Emporium, Plaintiff believes that it would be premature to move for a default judgment against A&P at this time.[1]

Federal Rule of Civil Procedure 54(b) states in part that:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The Ninth Circuit instructs parties in situations similar to the instant one to delay in seeking a default judgment against fewer than all defendants where the claims against the answering defendants are pending. For example, in *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981), the court opined:

/ / /

/ / /

---

[1] In the parties' Joint Report of Early Meeting of Counsel, Plaintiff stated that it "contemplates a Motion for Default Judgment against A&P." Dkt. No. 38 at 7. However, for the reasons stated herein, Plaintiff presently believes that such a motion should be filed upon resolution of the claims against Scent-Sation and Perfume Emporium.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-1-
SILLAGE, LLC'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. NO. 37)
LITIOC/2096545v2/101734-0094

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. *A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result*, documented by further and specific findings.

(emphasis added); *see also, e.g.*, *Garamendi v. Henin*, 683 F.3d 1069, 1082 (9th Cir. 2012) (reiterating that district courts should not enter a Rule 54(b) judgment in an action involving co-defendants "that are 'similarly situated,' such that the case against each rests on the same legal theory."); *Demerson v. Woodford*, No. 1:08-cv-00144-LJO-SKO PC, 2012 U.S. Dist. LEXIS 52523, at *3 (E.D. Cal. Apr. 13, 2012) (denying motion for entry of Rule 54(b) judgment against one defaulting defendant where case proceeded against other defendants and there were "shared facts and issues between the parties"); *compare with Sec. Interest Co. of Hartford v. Cibus Ins. Servs., Inc.*, No. CIV.S-05-2620 DFL DAD, 2006 U.S. Dist. LEXIS 92127, at *9-10 (E.D. Cal. Dec. 19, 2006) (recommending certification of Rule 54(b) judgment against one of multiple defendants where defaulting defendant was "fleeting entity" and delay in entering judgment would "prejudice plaintiff's attempt to begin enforcing a judgment," and claims against defaulting defendant were separate or based on different legal theories).

In this action, Sillage asserts the same claims against the same defendants based on the same legal theories. *See*, *generally*, Dkt. No. 1. Moreover, Perfume Emporium has stated that it "will be filing a motion for leave to file a counter claim for indemnity against [A&P]." (Dkt. No. 38 at 7.) Given the similarity of facts and legal issues and Perfume Emporium's stated intent to file an indemnity

-2-

1  claim against A&P in this action, Sillage believes that it would be premature to
2  seek entry of a Rule 54(b) default judgment against A&P at this stage in the
3  proceedings.

Respectfully submitted,

DATED: May 30, 2014          STRADLING YOCCA CARLSON
                                       & RAUTH, P.C.

By: _____
     Thomas J. Speiss, III
     Attorneys for Plaintiff Sillage, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-3-

SILLAGE, LLC'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. NO. 37)
LITIOC/2096545v2/101734-0094

# CERTIFICATE OF SERVICE

I certify that on May 30, 2014, the following document(s):

**SILLAGE, LLC'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. NO. 37)**

was/were served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Kevin W. Isaacson
 (kisaacson@tingleylawgroup.com)
TINGLEY LAW GROUP, PC
10 Almaden Boulevard, Suite 430
San Jose, CA  95113
ph. 408-283-7000
fax 408-283-7010

*Attorneys for Defendant MOSHE, INC. erroneously sued as SCENT-SATION LA.*

Thomas M O'Leary
 (thomas.oleary@leclairryan.com)
LeClairRyan LLP
725 South Figueroa Street Suite 350
Los Angeles, CA 90017
ph. 213-337-3245
fax: 213-624-3755

*Attorneys for Defendant PERFUME EMPORIUM, INC., erroneously sued as P.E., Inc.*

Date:  May 30, 2014                               _____
                                                   Justin Klaeb

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-1-
CERTIFICATE OF SERVICE

LITIOC/2096545v2/101734-0094