THOMAS J. SPEISS, III (SBN 200949)
  (TSpeiss@SYCR.com)
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Blvd., Suite 400
Santa Monica, California 90401
Telephone: (424) 214-7042
Facsimile: (424) 214-7010

Attorneys for Plaintiff, Sillage, LLC

THOMAS M. O'LEARY (SBN 126146)
  (Thomas.O'Leary@leclairryan.com)
LeClairRyan LLP
725 South Figueroa Street, Suite 350
Los Angeles, CA 90017
Telephone: (213) 337-3245
Facsimile: (213) 624-3755

Attorneys for Defendant, Perfume Emporium, Inc.

KEVIN W. ISAACSON (SBN 281067)
  (KIsaacson@TingleyLawGroup.com)
TINGLEY LAW GROUP PC
10 Almaden Boulevard, Suite 430
San Jose, CA 95113
Telephone: (408) 283-7000
Facsimile: (408) 283-7010

Attorneys for Defendant Scent-Sation LA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILLAGE, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HISTOIRES DE PARFUMS LLC d/b/a ALICE & PETER, a Delaware Limited Liability Company; SCENT-SATION LA, a California Limited Liability Company; and, P.E., Inc. d/b/a PERFUME EMPORIUM, a California Corporation,<br><br>Defendants. | Case No. SACV14-00172 CAS (RNBx)<br><br>The Hon. Robert N. Block<br><br>[PROPOSED] PROTECTIVE ORDER<br><br>Complaint Filed: February 5, 2014 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

[PROPOSED] PROTECTIVE ORDER
DOCSSM/3010190v4/101734-0094

# [~~PROPOSED~~] PROTECTIVE ORDER

## 1.   PURPOSES AND LIMITATIONS

The parties are in agreement that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties have stipulated to be bound by the following Protective Order ("Order") in this action.  This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

[~~PROPOSED~~] PROTECTIVE ORDER

DOCSSM/3010190v4/101734-0094

2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9   <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DOCSSM/3010190v4/101734-0094

**[PROPOSED] PROTECTIVE ORDER**

1    2.14    <u>Professional Vendors</u>: persons or entities that provide litigation

2  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

3  demonstrations, and organizing, storing, or retrieving data in any form or medium)

4  and their employees and subcontractors.

5    2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is

6  designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY."

8    2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

9  Material from a Producing Party.

10

11  3.    <u>SCOPE</u>

12    The protections conferred by this Order cover not only Protected Material

13  (as defined above), but also (1) any information copied or extracted from Protected

14  Material; (2) all copies, excerpts, summaries, or compilations of Protected

15  Material; and (3) any testimony, conversations, or presentations by Parties or their

16  Counsel that might reveal Protected Material.  However, the protections conferred

17  by this Order do not cover the following information: (a) any information that is in

18  the public domain at the time of disclosure to a Receiving Party or becomes part of

19  the public domain after its disclosure to a Receiving Party as a result of publication

20  not involving a violation of this Order, including becoming part of the public

21  record through trial or otherwise; and (b) any information known to the Receiving

22  Party prior to the disclosure or obtained by the Receiving Party after the disclosure

23  from a source who obtained the information lawfully and under no obligation of

24  confidentiality to the Designating Party.  Further, the protections conferred by this

25  Order apply only to Disclosure or Discovery Material and to court filings that

26  might reveal Protected Material, and do not apply to evidence presented at any

27  court hearings or proceedings.  Any such use of Protected Material shall be

28  governed by a separate order from the judicial officer conducting the hearing or

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

[PROPOSED] PROTECTIVE ORDER

DOCSSM/3010190v4/101734-0094

1  proceeding, at the appropriate time.

2

3  4.  DURATION

4  Even after final disposition of this litigation, the confidentiality obligations

5  imposed by this Order shall remain in effect until a Designating Party agrees

6  otherwise in writing or a court order otherwise directs.  Final disposition shall be

7  deemed to be the later of (1) dismissal of all claims and defenses in this action,

8  with or without prejudice; and (2) final judgment herein after the completion and

9  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

10  including the time limits for filing any motions or applications for extension of

11  time pursuant to applicable law.

12

13  5.  DESIGNATING PROTECTED MATERIAL

14  5.1  Exercise of Restraint and Care in Designating Material for Protection.

15  Each Party or Non-Party that designates information or items for protection under

16  this Order must take care to limit any such designation to specific material that

17  qualifies under the appropriate standards.  To the extent it is practical to do so, the

18  Designating Party must designate for protection only those parts of material,

19  documents, items, or oral or written communications that qualify – so that other

20  portions of the material, documents, items, or communications for which

21  protection is not warranted are not swept unjustifiably within the ambit of this

22  Order.

23  Only Disclosure or Discovery Material containing sensitive business

24  information that is kept confidential in the ordinary course of business, such as (a)

25  financial data, (b) business plans, and (c) trade secrets, whose public disclosure

26  could result in competitive harm to the Producing Party, may properly be

27  designated as "CONFIDENTIAL" under this Order.

28  Only Disclosure or Discovery Material containing extremely sensitive and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

[PROPOSED] PROTECTIVE ORDER

DOCSSM/3010190v4/101734-0094

confidential information and whose disclosure to other parties to this action would create a substantial risk of serious competitive harm that could not be avoided by less restrictive means, such as highly confidential competitive business plans, or certain trade secrets that warrant this heightened protection, may properly be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties, in writing, that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

[PROPOSED] PROTECTIVE ORDER

DOCSSM/3010190v4/101734-0094

must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition</u>, that the Designating Party identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

[PROPOSED] PROTECTIVE ORDER

DOCSSM/3010190v4/101734-0094

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

[PROPOSED] **PROTECTIVE ORDER**

1  designation of confidentiality at any time.  Unless a prompt challenge to a
2  Designating Party's confidentiality designation is necessary to avoid foreseeable,
3  substantial unfairness, unnecessary economic burdens, or a significant disruption
4  or delay of the litigation, a Party does not waive its right to challenge a
5  confidentiality designation by electing not to mount a challenge promptly after the
6  original designation is disclosed.

7      6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute
8  resolution process by providing written notice of each designation it is challenging
9  and describing the basis for each challenge.  To avoid ambiguity as to whether a
10 challenge has been made, the written notice must recite that the challenge to
11 confidentiality is being made in accordance with this specific paragraph of the
12 Order.  The parties shall attempt to resolve each challenge in good faith and must
13 begin the process by conferring directly (in voice to voice dialogue; other forms of
14 communication are not sufficient) within 14 days of the date of service of notice.
15 In conferring, the Challenging Party must explain the basis for its belief that the
16 confidentiality designation was not proper and must give the Designating Party an
17 opportunity to review the designated material, to reconsider the circumstances,
18 and, if no change in designation is offered, to explain the basis for the chosen
19 designation.  A Challenging Party may proceed to the next stage of the challenge
20 process only if it has engaged in this meet and confer process first or establishes
21 that the Designating Party is unwilling to participate in the meet and confer process
22 in a timely manner.

23      6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without
24 Court intervention, the Challenging Party shall file and serve a motion to challenge
25 a confidentiality designation within 30 days of the initial notice of challenge or
26 within 14 days of the parties agreeing that the meet and confer process will not
27 resolve their dispute, whichever is later.  Each such motion must be accompanied
28 by a competent declaration affirming that the movant has complied with the meet

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

[PROPOSED] PROTECTIVE ORDER

DOCSSM/3010190v4/101734-0094

and confer requirements imposed in the preceding paragraph.  Any such motion must be made in strict compliance with Local Rules 37-1 and 37-2 (including the joint stipulation requirement).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the

-9-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

[PROPOSED] PROTECTIVE ORDER

DOCSSM/3010190v4/101734-0094

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**[PROPOSED] PROTECTIVE ORDER**

DOCSSM/3010190v4/101734-0094

1   well as employees of said Outside Counsel of Record to whom it is reasonably
2   necessary to disclose the information for this litigation and who have signed the
3   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
4   A;

5   (b) Designated House Counsel of the Receiving Party (1) who has no
6   involvement in competitive decision-making, (2) to whom disclosure is reasonably
7   necessary for this litigation, (3) who has signed the "Acknowledgment and
8   Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth
9   in paragraph 7.4(a)(1), below, have been followed;

10   (c) Experts of the Receiving Party (1) to whom disclosure is reasonably
11   necessary for this litigation, (2) who have signed the "Acknowledgment and
12   Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth
13   in paragraph 7.4(a)(2), below, have been followed;

14   (d) the Court and its personnel;

15   (e) court reporters and their staff, professional jury or trial consultants,
16   and Professional Vendors to whom disclosure is reasonably necessary for this
17   litigation and who have signed the "Acknowledgment and Agreement to Be
18   Bound" (Exhibit A); and

19   (f) the author or recipient of a document containing the information or a
20   custodian or other person who otherwise possessed or knew the information.

21   7.4   Procedures for Approving or Objecting to Disclosure of "HIGHLY
22   CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to
23   Designated House Counsel or Experts.

24   (a)(1) Unless otherwise ordered by the Court or agreed to in writing by
25   the Designating Party, a Party that seeks to disclose to Designated House Counsel
26   any information or item that has been designated "HIGHLY CONFIDENTIAL –
27   ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a
28   written request to the Designating Party that (1) sets forth the full name of the

-11-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DOCSSM/3010190v4/101734-0094

Designated House Counsel and the city and state of his or her residence and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of

---

[1]    If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

-12-

**[PROPOSED] PROTECTIVE ORDER**

delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. Additionally, any such motion must be made in strict compliance with Local Rules 37-1 and 37-2 (including the joint stipulation requirement).

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.      PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to the design of merchandise bottling or packaging, including

-13-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DOCSSM/3010190v4/101734-0094

without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
      IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be

---

[2]    Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-

[PROPOSED] PROTECTIVE ORDER

DOCSSM/3010190v4/101734-0094

pursued by the Designating Party whose Protected Material may be affected.[3]

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the

---

[3]    The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

[PROPOSED] PROTECTIVE ORDER

DOCSSM/3010190v4/101734-0094

Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other

---

[4]   The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-16-

[PROPOSED] PROTECTIVE ORDER

DOCSSM/3010190v4/101734-0094

1   protection, the obligations of the Receiving Parties are those set forth in Federal

2   Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

3   whatever procedure may be established in an e-discovery order that provides for

4   production without prior privilege review.  Pursuant to Federal Rule of Evidence

5   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

6   of a communication or information covered by the attorney-client privilege or

7   work product protection, the parties may incorporate their agreement in the Order.

8

9   13.   MISCELLANEOUS

10   13.1   Right to Further Relief.  Nothing in this Order abridges the right of

11   any person to seek its modification by the Court in the future.

12   13.2   Right to Assert Other Objections.  No Party waives any right it

13   otherwise would have to object to disclosing or producing any information or item

14   on any ground not addressed in this Order.  Similarly, no Party waives any right to

15   object on any ground to use in evidence of any of the material covered by this

16   Order.

17   13.3   Export Control.  Disclosure of Protected Material shall be subject to

18   all applicable laws and regulations relating to the export of technical data

19   contained in such Protected Material, including the release of such technical data to

20   foreign persons or nationals in the United States or elsewhere.  The Producing

21   Party shall be responsible for identifying any such controlled technical data, and

22   the Receiving Party shall take measures necessary to ensure compliance.

23   13.4   Filing Protected Material.  In accordance with Local Rule 79-5.1, if

24   any papers to be filed with the Court contain information and/or documents that

25   have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

26   ATTORNEYS' EYES ONLY," the proposed filing shall be accompanied by an

27   application to file the papers or the portion thereof containing the designated

28   information or documents (if such portion is segregable) under seal; and the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-17-

[PROPOSED] PROTECTIVE ORDER

DOCSSM/3010190v4/101734-0094

application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publically file a redacted version of the motion and supporting papers.

14.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

DATED: <u>June 30, 2014</u>

_____
Honorable Robert N. Block
United States Magistrate Judge

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-18-

[PROPOSED] PROTECTIVE ORDER

DOCSSM/3010190v4/101734-0094

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Protective Order ("Order") that was issued by the United States District Court for

the Central District of California on _____ [date] in the case of *Sillage, LLC v.*

*Histoires de Parfums LLC et al.*, Case No.  8:14-cv-00172-CAS-RNB.  I agree to

comply with and to be bound by all the terms of this Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

**EXHIBIT A**

# CERTIFICATE OF SERVICE

I certify that on June 27, 2014 the foregoing document(s)

# [PROPOSED] PROTECTIVE ORDER

was/were served on all parties or their counsel of record by United States mail by serving a true and correct copy at the addresses listed below:

Kevin W. Isaacson
  (kisaacson@tingleylawgroup.com)
TINGLEY LAW GROUP, PC
10 Almaden Boulevard, Suite 430
San Jose, CA  95113
ph. 408-283-7000
fax 408-283-7010

*Attorneys for Defendant*
*MOSHE, INC. erroneously sued as*
*SCENT-SATION LA*

Thomas M O'Leary
  (thomas.oleary@leclairryan.com)
LeClairRyan LLP
725 South Figueroa Street Suite 350
Los Angeles, CA 90017
ph. 213-337-3245
fax: 213-624-3755

*Attorneys for Defendant*
*PERFUME EMPORIUM, INC.,*
*erroneously sued as P.E., Inc.*


Date:  June 27, 2014          */s/ Thomas J. Speiss, III*
                              Thomas J. Speiss, III

# CERTIFICATE OF SERVICE